# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RALPH ALVARADO, ) | |
| ID # 1540596, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:10-CV-1582-D-BH |
| ) | |
| LT. N. JORDAN ) | Referred to U.S. Magistrate Judge |
|     Defendant. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Ralph Alvarado, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this action using the standard form for petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254. Alvarado lists as respondent Lt. N. Jordan. Although Alvarado filed his pleading on a § 2254 form, he does not challenge his underlying conviction. In the grounds for relief, he specifically states that he is filing a civil rights action under 42 U.S.C. § 1983. He also appears to seek social security benefits for mental illness. (Petition at 7). Accordingly, this Court construes the filing as a non-habeas civil complaint.

## II. THREE STRIKES

Plaintiff is an inmate in the Texas prison system who has not paid the $350.00 filing fee required to pursue a civil action when not granted leave to proceed *in forma pauperis*. This action is therefore subject to review under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Under this statute, inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous,

malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Alvarado v. W. Dist. Tex. Pacer Electronic Filing Sys.*, No. SA-10-CA-282-FB, unpub. order at *1-2 (W.D. Tex. May 10, 2010) (identifying three strikes, denying *in forma pauperis* status, and dismissing action as barred by 28 U.S.C. § 1915(g)). Recently, another civil complaint filed by Plaintiff to obtain social security benefits was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff had neither paid the filing fee nor shown that he was in imminent danger of serious physical injury. *See Alvarado v. U.S. of Texas Government Status S.S.I.*, No. 3:10-cv-1145-B (N.D. Tex. June 29, 2010).

Plaintiff's complaint does not make any claim or allege any facts showing that he was in danger of any physical injury at the time he filed this action. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Therefore, the District Court should dismiss his complaint as barred by three strikes unless he pays the full filing fee of $350.00. *See Adepegba*, 103 F.3d at 388.

## IV. RECOMMENDATION

This case should be construed as a non-habeas civil action and summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the District Court. Plaintiff should also be **SANCTIONED** for filing frivolous actions, and the Clerk of the

Court should be instructed to not accept any future civil actions submitted by Plaintiff for filing, either directly or indirectly by transfer, unless he either pays the filing fee or demonstrates that he is subject to imminent danger of serious physical injury.

**SIGNED this 19th day of August, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE